IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LISA G. JAMES, Individually and As Next Friend of N.J., a Minor** *PLAINTIFFS* | § § § § § § § § § § § | **CIVIL ACTION NO. 4:19-cv-592** |
| **VS.** | | |
| **DASILVA TRANSPORT, INC and DECKERT MAGNUS** *DEFENDANTS* | | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff LISA G. JAMES (S.S.: XXX-XX-X239; D.L.: XXXXX520) individually and as Next Friend of N.J., a Minor, hereinafter referred to by name or as Plaintiffs, and complains of DASILVA TRANSPORT, INC. and MAGNUS DECKERT, hereinafter referred to by name or as Defendants and for cause of action would respectfully show unto the Court as follows:

1. Plaintiffs are individuals residing in San Antonio, Bexar County, Texas.

2. Defendant, DASILVA TRANSPORT, INC. has been served, made an appearance and filed a response to Plaintiffs' Original Petition.

3. Defendant, MAGNUS DECKERT, previously misnamed DECKERT MAGNUS in Plaintiffs' Original Petition, has been served, made an appearance and filed a response to Plaintiffs' Original Petition.

4. Venue is proper before this Court pursuant to Tex. Civ. Prac. & Remedies Code §15.002(a) (1) because all or a substantial part of the events or omissions giving rise to the claim

1

occurred in Harris County, Texas.

5. On November 4, 2018, Plaintiffs were driving their vehicle westbound on I-10, in Harris County, Texas, when their vehicle was suddenly and violently struck from the left side by a wheel, brake drum, and/or other trailer parts which broke off from the trailer towed by Defendant, MAGNUS DECKERT, in the course and scope of his employment with Defendant, DASILVA TRANSPORT, INC. Plaintiffs sustained severe injuries and damage as a result of the collision and negligence of Defendants.

6. The occurrence made the basis of this suit, reflected in the above paragraph and the resulting injuries and damages, were proximately caused by the negligent conduct of Defendants. Defendant MAGNUS DECKERT'S negligence in one or more particulars described below was a proximate cause of the resulting injuries and damages to Plaintiffs.

7. Defendant DASILVA TRANSPORT, INC. is liable under the doctrine of respondeat superior for the conduct of Defendant MAGNUS DECKERT, because he was operating the vehicle in the course and scope of his employment for DASILVA TRANSPORT, INC. Defendant DASILVA TRANSPORT, INC. was also negligent in one or more of the following respects:

    a. negligent hiring;

    b. negligent entrustment; and

    c. negligent training and safety implementation.

8. Defendant DASILVA TRANSPORT, INC was further negligent in one or more of the following respects:

    a. in failing to perform adequate pre-trip, interim trip, and post-trip inspections of their trailer and/or failing to document the same and retain said documentation in violation

of Federal and Texas safety regulations;

b. in failing to properly inspect the subject trailer, tires, lug nuts, wheels, axle, hubs, brake drum, bearings, and other parts;

c. in failing to properly service the subject trailer, tires, lug nuts, wheels, axle, hubs, brake drum, bearings, and other parts;

d. in failing to properly maintain the subject trailer, tires, lug nuts, wheels, axle, hubs, brake drum, bearings, and other parts; and

e. in failing to properly repair the subject trailer, tires, lug nuts, wheels, axle, hubs, brake drum, bearings, and other parts.

By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this court, and for which they now sue.

9. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural life.

10. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiffs suffered severe bodily injuries. The injuries have had a serious effect on the Plaintiffs' health and wellbeing. Some of the effects are permanent and will abide with the Plaintiffs for a long time into the future, if not for their entire life.

11. As a further result of all of the above, Plaintiffs have incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were

the usual and customary charges made for such services in the county where they were incurred.

12. As a further result of the injuries sustained by the Plaintiffs, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

13. By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

14. Plaintiffs seek monetary relief over $1,000,000.00 and a demand for judgment for all other relief to which Plaintiffs may justly be entitled.

15. Plaintiffs further request both pre-judgment and post judgment interest on all damages as allowed by law.

16. Plaintiffs demand a trial by jury. Plaintiffs acknowledge payment this date of the required jury fee.

17. Plaintiffs give notice of intent to use documents produced by any party hereto in any pretrial proceeding and at trial against the producing party.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer, and on final trial hereafter, Plaintiffs have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;

4

7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Loss of earnings;
12. Loss of earning capacity;
13. Pre-judgment interest;
14. Post judgment interest;
15. Exemplary damages.

RESPECTFULLY SUBMITTED,

THOMAS J. HENRY LAW, PLLC
521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 985-0600; FAX: (361) 985-0601

BY: _____
CRAIG S. WOLCOTT
STATE BAR NO.: 21845475
FEDERAL BAR NO.: 0881

*email: cwolcott-svc@thomasjhenrylaw.com
ATTORNEYS FOR PLAINTIFFS

* service by email to this address only

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. A true and correct copy of the foregoing document is being served upon counsel of record in compliance with the Federal Rules of civil Procedure by CM/ECF on this _17th_ day of _June_, 2019.

**VIA CM/ECF: Stefan@fuentesfirm.com & Robert@fuentesfirm.com**

Stefan Casso
State Bar No.: 24105582
Federal Bar No.: 3208356
Stefan@fuentesfirm.com
Robert Fuentes
State Bar No.: 24005405
Federal Bar No.: 28591
Robert@fuentesfirm.com
THE FUENTES FIRM, P.C.
5507 Louetta Road, Suite A
Spring, TX 77379
Telephone: (281) 378-7640
Facsimile: (281) 378-7639

_____
Craig S. Wolcott