United States District Court
Southern District of Texas
**ENTERED**
March 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA G. JAMES and a/n/f of NJ, | § § | CIVIL ACTION NO. 4:19-cv-00592 |
| Plaintiffs, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| DASILVA TRANSPORT | § | |
| INC, *et al*, | § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Defendant Magnus Deckert was transporting a dump truck from Florida to Laredo, Texas in November 2018 as an employee of Defendant DaSilva Transport, Inc. Dkt 39-5 at 7–10, 28, 68. He was traveling on Interstate 10 near Katy, Texas when the front right wheel of his trailer and its component parts broke off and rolled into traffic. Id at 9, 69–72. Plaintiff Lisa G. James hit the brake drum, which caused her and her daughter to sustain injuries and damaged the front of her vehicle. Id at 9, 28–29, 46; Dkt 70 at ¶¶ 19–20.

James brought a negligence action against Deckert and DaSilva in Texas state court in January 2019 on behalf of herself and her minor daughter. Dkt 1-4. Deckert and DaSilva removed the action in February 2019. Dkt 1. James filed the operative third-amended complaint in August 2020. Dkt 70. She alleges that Deckert was negligent for not properly inspecting the truck and trailer before the accident and that his negligence is imputed to DaSilva based on *respondeat superior*. Id at ¶¶ 9–10. She further alleges that DaSilva was directly negligent for failing to properly inspect, maintain, service, and repair the trailer and its parts. Id at

¶ 10. James also brings claims for negligent hiring, negligent entrustment, and negligent training and safety implementation against DaSilva. Ibid. She argues that each of these acts or omissions constitutes ordinary negligence, gross negligence, and negligence *per se.* Id at ¶ 11.

Deckert and DaSilva moved for partial summary judgment on the ordinary negligence claims against DaSilva for its alleged negligent hiring, entrustment, and training and safety implementation. Dkt 39. They also moved for summary judgment on all the gross negligence claims against both Deckert and DaSilva. Dkt 40. The motions were filed prior to the third-amended complaint, but the parties agreed that they still pertained. Dkt 94 at 5, n 4.

The Magistrate Judge recommended granting both summary judgment motions. Dkt 94 at 8–24. None of the parties filed an objection.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Committee Note (1983).

The Court has reviewed the pleadings, the record, the applicable law, and the recommendation. No clear error appears on the face of the record.

The Court ADOPTS the Memorandum and Recommendation as the Memorandum and Order of this Court. Dkt 94.

The motion for partial summary judgment on the ordinary negligence claims and the motion for summary judgment on the gross negligence claims are GRANTED. Dkts 39, 40.

The gross negligence claims by Plaintiff Lisa G. James against Defendants DaSilva Transport, Inc and Magnus Deckert are DISMISSED WITH PREJUDICE.

The ordinary negligence claims against DaSilva for negligent entrustment, hiring, and training are also DISMISSED WITH PREJUDICE.

The ordinary negligence claims against DaSilva and Deckert for failing to inspect, service, maintain, and otherwise repair relevant parts of the truck and trailer at issue will proceed. Dkt 70 at ¶¶ 9–11.

The claims against the other Defendants will also proceed. Id at ¶¶ 12–20.

SO ORDERED.

Signed on March 8, 2021, at Houston, Texas.


Hon. Charles Eskridge
United States District Judge