United States District Court
Southern District of Texas
ENTERED
June 24, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**LISA G. JAMES,** *individually and as next friend of N.J., a minor,*

**Plaintiff,**

**v.**

**DASILVA TRANSPORT, INC.,** ***et al.*****,**

**Defendants.**

**CIVIL ACTION NO. 4:19-CV-592**

**MEMORANDUM AND RECOMMENDATION**

Pending before the Court[1] are three Motions to Dismiss under Rule 12(b)(6) filed by three separate Defendants, all of whom are auto repair shops alleged to have serviced a semi-truck before it was involved in an accident. (Dkt. Nos. 87, 91, & 95.) Plaintiff has not responded to any of the motions. Based on a thorough review of the motions, arguments, and relevant law, the Court **RECOMMENDS** all three motions be **GRANTED**.[2]

## I. BACKGROUND

Plaintiff Lisa G. James ("Plaintiff") filed this suit in the 127th Judicial District Court of Harris County, Texas on January 17, 2019, asserting various claims of negligence against the driver and owner of a semi-truck involved in an accident with her vehicle on November 4, 2018. (Dkt. No. 1-4.) Plaintiff specifically alleged that a wheel broke off from the semi-truck's trailer

[1] On June 1, 2020, the District Judge referred the entire case to the Magistrate Judge for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 46.) The undersigned was assigned to the case on July 10, 2020.

[2] Also pending are requests by two of these Defendants to be heard on their 12(b)(6) motions. (Dkt. Nos. 101 & 102.) Given that the Court recommends granting Defendants' motions, it finds oral argument unnecessary and thus **DENIES** the requests.

and struck her vehicle while she was driving on I-10 West in Harris County, causing severe injury to her and her daughter. (*Id.* ¶ 5.) The truck driver and owner (collectively, "Original Defendants") removed the case to federal court on February 20, 2019 under 28 U.S.C. § 1332. (Dkt. No. 1.) Plaintiff filed a First Amended Complaint on June 17, 2019 asserting the same basic facts against Original Defendants but with additional allegations against the owner for failure to inspect, maintain, and repair the trailer. (*See* Dkt. No. 18 ¶ 8.)

Plaintiff filed a Second Amended Complaint on June 12, 2020 asserting, for the first time, negligence claims against three companies who serviced the truck and trailer before the accident: Hotelamer USA, Inc. ("Hotelamer"), Southern Tire Mart ("STM"), and Love's Tire Care ("Love's"). (Dkt. No. 47.) Plaintiff alleged each of these companies (collectively, "Auto Service Defendants") failed to properly install and inspect the wheel, brake drum, and other parts of the trailer that broke off and caused the accident in question. (*Id.* ¶ 8; *see also id.* ¶¶ 12-17.) Plaintiff then filed a Third Amended Complaint on August 26, 2020, which is the operative complaint in the case. (Dkt. No. 70.) In the Third Amended Complaint, Plaintiff states that Love's serviced the trailer in Prichard, Alabama in May 2018 and that STM serviced the trailer in Atlanta, Georgia in July 2018, but does not state when Hotelamer serviced the trailer. (*Id.* ¶ 8.) Plaintiff also asserts that—in addition to improperly installing and inspecting the tires and other trailer parts—the Auto Service Defendants over-torqued the wheel and tire assembly in question. (*Id.* ¶¶ 12-17.) Plaintiff believes these actions constitute negligence, gross negligence, and negligence per se. (*Id.*)

Each Auto Service Defendant separately moved to dismiss the case against it for failure to state a claim. (Dkt. Nos. 87, 91, & 95.)[3] Each argues that the Third Amended Complaint includes

---

[3] Love's filed its motion to dismiss the Third Amended Complaint after it had filed an answer, contrary to the order prescribed by the Federal Rules. *See* FED. R. CIV. P. 12(b) (stating

only threadbare conclusions with no underlying factual support and that it is insufficient to provide notice of the claims against it. (Dkt. No. 87 at 5; Dkt. No. 91 at 4-5; Dkt. No. 95 at 5.) For example, each argues that the Third Amended Complaint fails to describe how the tire mounting, inspection, or torqueing was improper, what the standard of care is for mounting, inspection, or torqueing, and how the mounting, inspection, or torqueing caused the accident in question. (Dkt. No. 87 at 5; Dkt. No. 91 at 5; Dkt. No. 95 at 5.) Additionally, STM argues the claims against it should be dismissed because Plaintiff failed to properly effectuate service within the two-year statute of limitations. (Dkt. No. 95 at 5-7.)

Plaintiff failed to respond to any of the motions to dismiss. Under Local Rule 7.4, "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. Local Rule 7.4. However, a court cannot automatically grant a dispositive motion upon a party's failure to respond; instead, the court must consider the merits of the motion. *Robins v. PHH Mortg. Corp.*, No. 20-CV-1163, 2020 WL 5604042, at *2 (S.D. Tex. Sept. 18, 2020); *see also Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (noting the Federal Rules of Civil Procedure "do not, by their own terms, require a party to file a response in opposition to a motion to dismiss" and finding it inappropriate to grant a 12(b)(6) motion solely based on a party's failure to respond). The Court, therefore, analyzes the merits of the Auto Service Defendants' motions to dismiss and finds that each should be granted.[4]

---

12(b)(6) motions must be made before pleadings). However, courts generally "consider[] post-answer [12(b)(6) motions] as being properly before the court as long as the movant also raised the defense of failure to state a claim in his or her answer." *Est. of Aragon v. City of San Antonio*, No. 14-CV-673, 2015 WL 13793383, at *1 (W.D. Tex. June 3, 2015) (quotations omitted). Love's did raise a 12(b)(6) defense in its answer. (Dkt. No. 82 ¶ 29.) The Court will thus consider its motion.

[4] Original Defendants moved for summary judgment on some of the negligence claims asserted against them. (Dkt. Nos. 39 & 40.) The undersigned issued a Memorandum and

## II. LEGAL STANDARDS UNDER RULE 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a defendant to move to dismiss a complaint based on failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that . . . raise a right to relief above the speculative level." *Wilson v. Houston Cmty. Coll. Sys.*, 955 F.3d 490, 500 (5th Cir. 2020) (quotations omitted).

In reviewing a 12(b)(6) motion, a court must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quotations omitted). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Wolcott v.*

---

Recommendation finding the motions should be granted (Dkt. No. 94), which the District Judge adopted (Dkt. No. 97). However, this did not dispose of all the claims against Original Defendants.

*Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

## III. PLAINTIFF'S THIRD AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST ANY OF THE AUTO SERVICE DEFENDANTS.

Plaintiff asserts claims of negligence, gross negligence, and negligence per se against the three Auto Service Defendants. Under Texas law, negligence consists of three elements: "(1) a legal duty owed by the defendant to the plaintiff to protect the latter against injury; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Allen v. A & T Transp. Co.*, 79 S.W.3d 65, 69 (Tex. App. 2002); *see also Joseph v. Hood*, No. 19-CV-105, 2020 WL 1076040, at *2 (E.D. Tex. Mar. 6, 2020).[5] An act or omission can be grossly negligent if—in addition to the three elements necessary for ordinary negligence—it objectively involves an extreme degree of risk and the actor has actual subjective awareness of the risk but nonetheless proceeds with conscious indifference. TEX. CIV. PRAC. & REM. CODE § 41.001(11). Negligence per se also consists of three elements: "(1) the defendant's act or omission is in violation of a statute or ordinance; (2) the injured person was within the class of persons which the ordinance was designed to protect; and (3) the defendant's act or omission proximately caused the injury." *Sanchez v. Swift Transp. Co. of Ariz., LLC*, No. 15-CV-15, 2017 WL 5654909, at *1 (W.D. Tex. May 30, 2017) (quotations omitted).

Plaintiff here has not stated a claim for relief under any of these theories. Plaintiff asserts that each Auto Service Defendant serviced the trailer in the months before the accident—Love's in May 2018, STM in July 2018, and Hotelamer at an unspecified time—and improperly mounted,

[5] The Court applies Texas substantive law because this is a diversity action. *See Sanchez v. Transportes Internacionales Tamaulipecos S.A de C.V.*, No. 16-CV-354, 2017 WL 3671089, at *2 & n.4 (S.D. Tex. July 20, 2017).

over-torqued, and failed to inspect the wheel and tire in question. However, Plaintiff fails to allege the duty or standard of care that each Auto Service Defendant owed to her while performing maintenance. Plaintiff also fails to identify with any specificity which wheel broke off the trailer and which wheels each of the Auto Service Defendants serviced, as well as what that service entailed—*i.e.*, whether they replaced a wheel, patched a tire, or performed other related maintenance. Moreover, Plaintiff fails to include Hotelamer's date of service, making it impossible to ascertain the order the Auto Service Defendants worked on the wheel and tire in question. If Hotelamer serviced the trailer after July 2018, it is not plausible that Love's or STM proximately caused the accident; however, if Hotelamer serviced the trailer before July 2018, it is not plausible that Love's or Hotelamer proximately caused the accident.[6] Without more information, Plaintiff's allegations amount to only a mere possibility that each Auto Service Defendant is liable for the misconduct alleged.

Plaintiff's negligence and gross negligence claims against the Auto Service Defendants, therefore, should be dismissed under Rule 12(b)(6). *See, e.g.*, *Garcia v. Tex. Kenworth Co.*, No. 19-CV-1195, 2020 WL 4557055, at *2 (W.D. Tex. May 20, 2020) (finding plaintiff's allegations that defendant was negligent because it was in charge of maintenance for a vehicle that malfunctioned did not contain enough facts to survive a 12(b)(6) motion); *Joseph*, 2020 WL 1076040, at *2 (finding plaintiff's assertions that a truck driver's employer was directly negligent

---

[6] Given that Plaintiff fails to allege exactly what services each Auto Service Defendant performed, the Court cannot reasonably infer that more than one of them contributed to the accident. For example, if Plaintiff had alleged that Hotelamer replaced the wheel in question and then Love's replaced a lug nut on the wheel in question, it would be plausible to infer that either or both proximately caused the accident. However, if Plaintiff had alleged that Hotelamer replaced the wheel in question and then Love's replaced the same wheel, it would not be plausible to infer Hotelamer proximately caused the accident.

for an accident—under the theory that the employer failed to ensure the driver kept a proper lookout or drove at a reasonable speed, among others—were devoid of facts and insufficient to state a claim for relief); *Porter v. Phillips*, No. 06-CV-3331, 2007 WL 9754463, at *3 (S.D. Tex. July 12, 2007) (dismissing plaintiff's gross negligence claims under Rule 12(b)(6) because plaintiff failed to state a claim for ordinary negligence). Further, given that Plaintiff has not asserted the Auto Service Defendants violated a particular regulation or statute, Plaintiff's negligence per se claims should also be dismissed. *See, e.g.*, *Estrada v. Indus. Transit, Inc.*, No. 16-CV-13, 2016 WL 10967300, at *3 (W.D. Tex. Aug. 8, 2016) (finding plaintiff failed to state a claim for negligence per se because he failed to specify which statute defendant allegedly violated).[7]

## IV. PLAINTIFF SHOULD NOT BE GIVEN THE OPPORTUNITY TO AMEND.

Rule 15 of the Federal Rules of Civil Procedure directs courts to "freely give leave [to amend the pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2). "When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Ricardo v. Bank of N.Y. Mellon*, No. 16-CV-3238, 2017 WL 3424975, at *2 (S.D. Tex. Aug. 9, 2017) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). However, it is within the sound discretion of the court to decide whether to grant leave to amend, and courts frequently deny leave when a party fails to submit a proposed pleading or explain how he can cure any defects. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying leave to amend after dismissing

[7] STM alternatively argues the claims against it should be dismissed for failure to effectuate service within Texas's two-year statute of limitations. (Dkt. No. 95 at 5-7.) Given that the Court recommends dismissal based on failure to state a negligence claim, it need not decide this issue.

claims under Rule 12(b)(6) because plaintiffs did not explain how they would replead the allegations and did not proffer a proposed amended complaint).

Plaintiff here failed to respond to each of the three Auto Service Defendants' motions to dismiss, failed to seek leave to amend her pleadings, failed to submit a proposed amendment, and failed to explain how she would correct any deficiencies. Moreover, Plaintiff has filed four pleadings in this case, two of which have attempted to assert claims against Auto Service Defendants. Plaintiff filed her Third Amended Complaint after Love's had filed an earlier version of its motion to dismiss—which Love's withdrew given the amendment—and thus Plaintiff was aware of the potential deficiencies in her allegations but failed to meaningfully correct them. (*See* Dkt. Nos. 66, 70.) The Court, therefore, finds Plaintiff should not be given the opportunity to amend her complaint as to the Auto Service Defendants and recommends dismissing the claims against them with prejudice.[8]

## V. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** all three Motions to Dismiss (Dkt. Nos. 87, 91, & 95) be **GRANTED** and Plaintiff's claims against STM, Love's, and Hotelamer be **DISMISSED WITH PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant

---

[8] *See, e.g.*, *Howley v. Bankers Standard Ins. Co.*, No. 19-CV-2477, 2020 WL 4731968, at *8 (N.D. Tex. Aug. 14, 2020) (denying plaintiff the opportunity to amend the complaint because he did not seek leave to do so or respond to defendant's motion to dismiss and thus he must have already stated his best case); *Webb v. Midland Mortg.*, No. 12-CV-5138, 2013 WL 4734001, at *4 n.2 (N.D. Tex. Sept. 3, 2013) (finding that, after plaintiff failed to respond to defendant's motion to dismiss and did not otherwise ask for leave to amend, plaintiff was "unwilling or unable to amend her complaint in a manner that [would] avoid dismissal" and thus dismissal with prejudice was appropriate).

to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections or responses shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on June 24, 2021.

Sam S. Sheldon
United States Magistrate Judge