UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA G. JAMES a/n/f of N.J., | § § § § § § § § § § § | CIVIL ACTION NO. 4:19-cv-00592 |
| Plaintiff, | | |
| vs. | | JUDGE CHARLES ESKRIDGE |
| DASILVA TRANSPORT INC, *et al*, | | |
| Defendants. | | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

The objections by Plaintiff Lisa G. James, individually and as next friend of N.J., a minor, to the Memorandum and Recommendation of the Magistrate Judge are overruled. Dkt 109. The motion within the objections for leave to further amend the complaint is denied.

The motions by Defendants Love's Travel Stops & Country Stores, Inc, Hotelamer USA Inc, and Southern Tire Mart to dismiss the claims against them are granted. Dkts 87, 91, 95.

Defendant Magnus Deckert was transporting a dump truck in November 2018 as an employee of Defendant DaSilva Transport, Inc. He was traveling on Interstate 10 near Katy, Texas when the front right wheel of his trailer and its component parts broke off and rolled into traffic. James hit the brake drum, which caused her and her daughter to sustain injuries and damaged the front of her vehicle. See Dkt 70 at ¶¶ 8, 19–20.

James initially brought action against Deckert and DaSilva Transport in Texas state court in November 2018. Dkt 1-4. Deckert and DaSilva removed the action pursuant to 28 USC §§ 1332 and 1441 in February 2019. Dkt 1. James filed an

amended complaint in June 2019, generally asserting the same allegations against Deckert and DaSilva Transport, while adding claims against the latter for failure to inspect, maintain, and repair the trailer. See Dkt 18. James filed a second-amended complaint in June 2020, raising claims against Love's, Hotelamer, and Southern Tire Mart, each of which allegedly serviced the truck and trailer at some point before the accident occurred. Dkt 47. She alleged that each of those Defendants failed to properly install and inspect the wheel, brake drum, and other parts of the trailer that caused the accident. Id at ¶¶ 8, 12–17.

James then filed her third-amended complaint in August 2020. Dkt 70. She now alleges that Love's serviced the trailer in Alabama in May 2018 and that Southern Tire Mart serviced it in Georgia in July 2018, but she doesn't address where or when Hotelamer allegedly serviced the trailer. Id at ¶ 8. She generally asserts that Defendants improperly installed and inspected the trailer parts, specifically arguing that they "over-torqued" the wheel and tire assembly at issue. She states claims of negligence, gross negligence, and negligence *per se*. Id at ¶¶ 12–17.

This action was referred to then-Magistrate Judge Nancy K. Johnson in June 2020 for full pretrial management pursuant to 28 USC § 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure. Dkt 46. It was then referred upon her retirement to Magistrate Judge Sam S. Sheldon in July 2020. Minute Entry of 07/10/2020.

Hotelamer, Love's, and Southern Tire Mart each moved to dismiss the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkts 87, 91, 95. Each motion argues that James hasn't sufficiently pleaded how the tire mounting, inspection, or torquing was improper, while also failing to identify the appropriate and relevant standard of care for such services. Dkt 87 at 5; Dkt 91 at 5; Dkt 95 at 5. Southern Tire Mart also moves to dismiss the claims against it as barred by the relevant statue of limitations. Dkt 95 at 5–7.

Judge Sheldon issued a memorandum and recommendation in June 2021, recommending that the motions to dismiss each be granted. Dkt 104. He specifically noted that James didn't respond to any of the motions, which means that they are deemed

unopposed. Id at 3, citing Rule 7.4, Local Rules of the United States District Court for the Southern District of Texas. He also recommended that the claims against these Defendants be dismissed with prejudice. Id at 7–8.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Committee Note (1983).

James filed a purported objection to the memorandum and recommendation. Dkt 109. But she didn't object to any specific conclusion by Judge Sheldon. Indeed, she doesn't address the recommendation at all. Most of her filing is a motion for leave to amend that's completely unrelated to the memorandum and recommendation. See id at 4–6. And the few other arguments presented should have been raised in a response to the motions themselves—not by generally objecting to a recommendation as to their disposition. See id at 2–3.

No objection challenges the merits recommendation by Judge Sheldon. The Court has otherwise reviewed the pleadings, the record, the applicable law, and the recommendation. No clear error appears. This includes his recommendation as to dismissal of the complaint with prejudice.

The objections to the Memorandum and Recommendation are OVERRULED, and the motion within it for leave to further amend the complaint is DENIED. Dkt 109.

The Court ADOPTS the Memorandum and Recommendation as the Memorandum and Order of this Court. Dkt 104.

The motions to dismiss by Defendant Hotelamer USA Inc, Love's Travel Stops & Country Stores, Inc, and Defendant Southern Tire Mart to dismiss are GRANTED. Dkts 87, 91, 95.

This claims against them are DISMISSED WITH PREJUDICE.

SO ORDERED.

Signed on July 12, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge